﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 191010-41047
DATE: April 30, 2020

ORDER

Entitlement to service connection for bilateral hearing loss is granted.

FINDING OF FACT

The Veteran’s bilateral hearing loss is related to noise exposure during service.

CONCLUSION OF LAW

The criteria for service connection for bilateral hearing loss are met. 38 U.S.C. §§ 1110, 5107(b); 38 C.F.R. §§ 3.102, 3.303(a).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served in the Army National Guard from October 1983 to October 1989 with a period of active duty for training (ACDUTRA) from June 1984 to October 1984.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55, also known as the Appeals Modernization Act (AMA). This law creates a new framework for veterans dissatisfied with VA’s decision on their claim to seek review. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from rating decisions issued by Department of Veterans Affairs (VA) Regional Offices (RO). A June 2019 rating decision denied entitlement to service connection for bilateral hearing loss. The Veteran submitted a Decision Review Request, choosing the Supplemental Claim lane, and his claim was denied in an August 2019 rating decision. The Veteran responded with a request for Higher Level Review and in October 2019, the Veteran was again denied service connection for hearing loss. In November 2019, the Veteran submitted a Decision Review Request, electing Direct Review of the evidence by a Veterans Law Judge (VLJ).

Entitlement to service connection for bilateral hearing loss is granted.

The Veteran contends that he has bilateral hearing loss related to noise exposure during service. 

VA law provides that, for disability resulting from personal injury suffered or disease contracted in line of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of duty, in the active military, naval, or air service, during a period of war, or other than a period of war, the United States will pay to any veteran thus disabled and who was discharged or released under conditions other than dishonorable from the period of service in which said injury or disease was incurred, or preexisting injury or disease was aggravated, compensation, except if the disability is a result of the claimant’s own willful misconduct or abuse of alcohol or drugs. 38 U.S.C. §§ 1110, 1131. 

Entitlement to service connection on a direct basis requires (1) evidence of current nonservice-connected disability; (2) evidence of in-service incurrence or aggravation of disease or injury; and (3) evidence of a nexus between the in-service disease or injury and the current nonservice-connected disability. 38 C.F.R. § 3.303(a); Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

Before becoming entitled to status as a claimant for VA benefits, an appellant must first demonstrate by a preponderance of the evidence (1) that he or she is a “veteran,” or (2) “veteran” status for the person upon whose military service the claim for VA benefits is predicated. Laruan v. West, 11 Vet. App. 80, 84-86 (1998) en banc.

The term “veteran” means a person who served in the active military, naval, or air service, and who was discharged or released therefrom under conditions other than dishonorable. 38 U.S.C. § 101(2).

The term “active military, naval, or air service” includes (1) active duty; (2) any period of ACDUTRA during which the individual concerned was disabled or died from a disease or injury incurred or aggravated in line of duty; and (3) any period of inactive duty for training (INACDUTRA) during which the individual concerned was disabled or died from an injury incurred or aggravated in line of duty; or from an acute myocardial infarction, a cardiac arrest, or a cerebrovascular accident occurring during such training. 38 U.S.C. § 101(24).

The Board emphasizes the more restrictive requirements applicable to periods of ACDUTRA and INACDUTRA as compared to active duty service. The law applicable to active duty service establishes “veteran” status without further requirements. Moreover, it permits a grant of service connection simply by evidence establishing an etiological relationship between an injury or disease in service and post-service incurrence of disability. The law pertaining to periods of ACDUTRA and INACDUTRA requires that the claimant have become disabled during the period of ACDUTRA or INACDUTRA in which the injury or disease occurred, and specifically requires that the disease and/or injury have been incurred in the line of duty. Moreover, the claimant bears the burden of establishing that this sequence of events has occurred before “veteran” status is granted. 38 U.S.C. § 101(24). 

Service connection for impaired hearing shall only be established when hearing status as determined by audiometric testing meets specified pure tone and speech recognition criteria. Audiometric testing measures threshold hearing levels (in decibels) over a range of frequencies (in Hertz). See Hensley v. Brown, 5 Vet. App. 155, 158 (1993).

For the purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

After a review of the entire evidentiary record and in light of the applicable legal criteria, the Board affords the Veteran reasonable doubt and grants service connection for bilateral hearing loss.

With regard to a present disability, a May 2019 VA examination shows that the Veteran is diagnosed with bilateral sensorineural hearing loss for VA purposes. As such, the first element of service connection is met.

With regard to an in-service injury, the Veteran’s military occupational specialty (MOS) was Combat Signaler while in the Army National Guard. The Veteran reported exposure to firing arms throughout his military career and was awarded a marksmanship badge for rifles. He also noted that he was around loud generators and firing ranges, with this being his only experience with hazardous noise. A veteran is competent to report that which he perceives through his senses. Layno v. Brown, 6 Vet. App. 465, 469 (1994). Further, a May 2019 VA examiner indicated that the Veteran suffered from tinnitus due to his in-service exposure to hazardous noise. As such, the second element of service connection is met. 

The remaining question is whether there is a medical nexus between the Veteran’s in-service noise exposure and his current bilateral hearing loss.

The Veteran was afforded a VA examination for his hearing loss in April 2019. The VA audiologist stated he was unable to provide a nexus opinion because audiological testing revealed normal hearing in both ears.

Subsequent to the April 2019 examination, the RO determined that the examination was insufficient, as the audiologist had mistakenly determined that the Veteran did not have a diagnosis of bilateral hearing loss based only upon puretone thresholds. However, the Veteran did meet the criteria of hearing loss for VA purposes due to his speech recognition scores. As such, the Veteran was again afforded a VA examination for his hearing loss in May 2019. The VA audiologist diagnosed the Veteran with bilateral sensorineural hearing loss and opined that his hearing loss was less likely than not related to service. The audiologist explained that review of the Veteran’s records revealed normal hearing as recently as of March 2019 and that any hearing loss documented on the current examination would have developed long after the Veteran’s separation from service. 

The Veteran has stated that he began experiencing problems with his hearing while in service. In support of his claim of service connection for hearing loss, the Veteran’s aunt, Ms. J. D., stated that the Veteran came home a different man after service, suffering from problems of which included hearing loss. Similarly, the Veteran’s childhood friend, Mr. T. H., noted that the Veteran had called him after basic training and had mentioned problems with his hearing. Mr. T. H. also indicated that he had heard of the Veteran’s hearing problems from Ms. J. D. at the time. 

Although the May 2019 VA audiologist provided a negative nexus opinion, the Board affords this opinion limited probative weight. There is no indication that the audiologist took into consideration the Veteran’s lay statements concerning his difficulties with hearing beginning in service. The Board finds that the Veteran is competent to report hearing problems during service and since that time. Moreover, the Board finds that the Veteran’s reports of noise exposure during service and hearing problems since service, as well as the statements from the Veteran’s aunt and childhood friend regarding his hearing problems while in service, are credible. Jandreau v. Nicholson, 492 F.3d 1372 (2007). As such, the Board affords the lay statements of record greater probative weight. 

(Continued on the next page)

 

Given the competent and credible statements of record, taken together with the circumstances of the Veteran’s service, the Board resolves doubt in favor of the Veteran. Accordingly, the Board finds that the Veteran’s bilateral hearing loss was caused by his in-service noise exposure and therefore, service connection is warranted. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990).

 

 

KRISTI L. GUNN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board L. Silverblatt, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.